IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRENDA LOUISA CARBUCCIA,<br><br>Plaintiff,<br><br>VS.<br><br>SYNERGY FEDERAL CREDIT UNION; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (Surety for Synergy FCU); SYNERGY FCU FIDELITY BOND NO. 106472125 c/o Travelers Casualty and Surety Company; Synergy Federal Credit Union; SAN ANTONIO WATER SYSTEM (SAWS); SAWS FIDELITY BOND c/o Hartford Fire Insurance Company; San Antonio Water Systems (SAWS); CITY OF SAN ANTONIO; CITY OF SAN ANTONIO GENERAL OBLIGATION BOND SERIES 2024 c/o Surety, Hartford Fire Insurance Company; City of San Antonio; HARTFORD FIRE INSURANCE (Surety for SAWS, City of San Antonio, and Harris County); BEXAR COUNTY; BEXAR COUNTY OFFICIAL BOND c/o Hartford Fire Insurance Company; BEXAR COUNTY CRIMINAL APPEARANCE BOND CAUSE NO. 2025CR001819 in rem; WESTERN SURETY COMPANY (Surety for Bexar County); HARRIS COUNTY; HARRIS COUNTY OFFICIAL BOND; HARRIS COUNTY SHERIFF ED GONZALES; JPMORGAN CHASE BANK, N.A.; CNA FINANCIAL CORPORATION (Surety for JPMorgan Chase Bank, N.A.); JPMORGAN CHASE N.A. FIDELITY BOND; OFFICER FELIPE SERNA (#1459); DETECTIVE COLDEWEY (#2009); JONATHAN STEPHEN ALVARDO (Individual Capacity); JOE D. GONZALES, Criminal District Attorney of Bexar County (Individual and Official Capacities); CONTRACTORS BONDING & INSURANCE COMPANY (Surety for Joe Gonzales Bond No. LSM1255307); TEXAS COUNTY AND DISTRICT RETIREMENT SYSTEM (TCDRS); EMPLOYEE RETIREMENT SYSTEM OF TEXAS (ERS); CRESENT CAPITAL GROUP; CRESENT CAPITAL GROUP LP; and CONTINENTAL CASUALTY COMPANY,<br><br>*Defendants*. | § | CIVIL ACTION NO. SA-25-CV-1071-FB |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are: (1) the Report and Recommendation of United States Magistrate Judge filed on May 20, 2026 (ECF No. 147); (2) Plaintiff's Written Objections to the Report and Recommendation of the United States Magistrate Judge filed on June 1, 2026 (ECF No. 150); (3) Defendant Texas County and District Retirement System's Response to Plaintiff's Written Objections to the Report and Recommendation of the United States Magistrate Judge filed June 10, 2026 (ECF No. 152); (4) Defendant JPMorgan Chase Bank, N.A.'s Response to Plaintiff's Written Objections to the Report and Recommendation of the United States Magistrate Judge filed on June 12, 2026 (ECF No. 153); (5) Defendants Harris County and Sheriff Gonzalez' Response to Plaintiff's Written Objections to the Report and Recommendation filed on June 12, 2026 (ECF No. 154); (6) Defendant Travelers Casualty and Surety Company of America's Response to Plaintiff's Written Objections to the Report and Recommendation of the United States Magistrate Judge filed on June 15, 2026 (ECF No. 155); (7) Response of Crescent Capital Group LP to Plaintiff's Written Objections to the Report and Recommendation Of the United States Magistrate Judge filed on June 15, 2026 (ECF No. 156); (8) Plaintiff's Motion for Leave to Substitute Corrected Exhibit U to Her Written Objections to the Report and Recommendation filed on June 22, 2026 (ECF No. 158); and Plaintiff's Motion for Leave to File Consolidated Reply in Support of Her Written Objections to the Report and Recommendation filed on June 22, 2026 (ECF No. 159). No response or objection has been filed as to Plaintiff's Motion for Leave to Substitute Corrected Exhibit U (ECF No. 158), and Plaintiff's Motion for Leave to File Consolidated Reply (ECF No. 159). Therefore, IT IS HEREBY ORDERED that Plaintiff's unopposed Motions for Leave to File (ECF No. 158 and 159) are GRANTED such that the corrected Exhibit U (attached to the motion at ECF No. 158-1) and Plaintiff's Consolidated Reply (attached to

the motion as Exhibit A at ECF No. 159-1) will be filed of record and will be considered by the Court as set forth below.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, United States Magistrate Judge Bemporad recommends that Defendants' Motions to Dismiss (ECF Numbers 69, 90, 91, 92, 94, 96, 97, 98, 99, 100, 101, 102, 107, and 120) should be GRANTED IN PART such that Plaintiff's case should be DISMISSED as follows: Plaintiff's federal causes of action (Counts I, II, III, IV, IX, XI, XII, XIII, and XIV) should be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and Plaintiff's state-law causes of action (Counts V, VI, VII, VIII, X, and XV) should be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c).

The Court has reviewed the Plaintiff's Written Objections (ECF No. 150) along with the corrected Exhibit U (ECF No. 158-1) and Plaintiff's Consolidated Reply (ECF No. 159-1); and the Responses to Plaintiff's Written Objections by Defendant Texas County and District Retirement

System (ECF No. 152); Defendant JPMorgan Chase Bank, N.A. (ECF No. 153); Defendants Harris County and Sheriff Gonzalez (ECF No. 154); Defendant Travelers Casualty and Surety Company of America (ECF No. 155); and Crescent Capital Group LP (ECF No. 156); and has conducted a de novo review of only those issues properly raised in the objections which are not frivolous, conclusive, or general in nature. The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiff's objections lack merit and are overruled. Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (ECF No. 147), and incorporates herein the arguments and authorities presented in Defendants' Responses (ECF Numbers 152, 153, 154, 155, and 156).

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on May 20, 2026 (ECF No. 147), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Defendants Harris County and Sheriff Gonzalez' Motion to Dismiss Third Amended Complaint (ECF No. 69); (2) Defendant JPMorgan Chase Bank, N.A.'s Rule 12(b)(6) Motion to Dismiss (ECF No. 90); (3) Defendant Employees Retirement System of Texas's Motion to Dismiss (ECF No. 91); (4) Defendant Travelers Casualty and Surety Company of America's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim (ECF No. 92); (5) Defendant Texas County and District Retirement System's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 94); (6) Defendant Hartford Fire Insurance Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (ECF No. 96); (7) Defendant Synergy Federal Credit Union's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 97); (8) Defendant City of San Antonio's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 98); (9) Motion to Dismiss of Defendant, Crescent Capital Group LP (ECF No. 99); (10) Defendant San Antonio Water System's

Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 100); (11) Defendant David Coldeway's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) (ECF No. 101); (12) Defendants Bexar County's, Joe Gonzales's and Jonathan Alvarez's Motion to Dismiss Third Amended Complaint (ECF No. 102); (13) Defendants Western Surety Company's and Continental Casualty Company's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12 (b)(6) (ECF No. 107); and (14) Defendant Felipe Serna's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6) (ECF No. 120) are GRANTED IN PART such that Plaintiff's case is DISMISSED as follows: Plaintiff's federal causes of action (Counts I, II, III, IV, IX, XI, XII, XIII, and XIV) are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and Plaintiff's state-law causes of action (Counts V, VI, VII, VIII, X, and XV) are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that all motions pending are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 27th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE